UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEVE MICHAEL COX,<br><br>       Plaintiff,<br><br>vs.<br><br>E.K. McDANIEL, et al.,<br><br>       Defendants. | 3:05-CV-00421-HDM (RAM)<br><br>REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

      This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

      Before the court is Defendant's Motion to Dismiss. (Doc. #40). Plaintiff opposed the motion (Doc. #42-1) and Defendants have replied (Doc. #43).

### BACKGROUND

      Plaintiff is a prisoner at Ely State Prison (ESP) in Ely, Nevada. (Doc. #40). Plaintiff originally filed his complaint in state court in the Seventh Judicial District Court, White Pine County, Nevada. (Id.). The state court issued an order granting Plaintiff leave to amend his complaint due to difficulties in reading Plaintiff's hand written pleadings. (Id.). Plaintiff submitted his amended complaint to the state court on April 14, 2004. (Id.). It was subsequently screened by the court, resulting in dismissal of all but two of Plaintiff's ten counts, Counts IX and X. (Id.). The case was later removed to this court. (Doc. #2). Further, pursuant to the court's

order (Doc. #32), Plaintiff's amended complaint has been filed with this court. (Doc. #38). The court has adopted the state court's screening order of July 28, 2004 in its entirety. (Doc. #32).

The claims that survive the state court's screening order include portions of Counts IX and X only. In the surviving portions of Count IX Plaintiff alleges that the Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him needed blankets or heaters for what he alleges is his "'extremely' cold cell." (Doc. #38-3). In the surviving portions of Count X Plaintiff alleges that Defendants have also violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to make available to him a varied vegetarian menu and his Fourteenth Amendment right to due process by denying him a meatless diet without a hearing. (Id.).

## DISCUSSION

A.   Dismissal for Failure to State a Claim

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." North Star Inter'l v. Ariz. Corp. Comm., 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). For a defendant-movant to succeed, it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. Id. at 338. A complaint may be dismissed as a matter of law for, "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Smilecare Dental Group v. Delta Dental Plan, 88 F.3d 780, 783 (9th Cir 1996) (quoting Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Although allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyer, Haines v. Kerner, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

1  Here, Defendants argue that Plaintiff has failed to state a claim against Defendants D'Amico, MacArthur and Book in Count IX and Defendants D'Amico, MacArthur and Winter in Count X. (Doc. #40).

In Count IX Plaintiff alleges that the Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him needed blankets or heaters for what he alleges is his "'extremely' cold cell." (Doc. #38-3). Although he names many Defendants specifically in Count IX, Plaintiff never names Defendants D'Amico, MacArthur or Book in his allegations. (Doc. #38-2). Thus, Plaintiff has failed to state a claim against those Defendants, even allowing for the less stringent standards to which pro se plaintiffs are held. See Haines, 404 U.S. 519.

In Count X Plaintiff alleges that Defendants have also violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to make available to him a varied vegetarian menu and his Fourteenth Amendment right due process by denying him a meatless diet without a hearing. (Doc. #38-2). Just as in Count IX, in Count X Plaintiff names many Defendants. However, he never names Defendants D'Amico, MacArthur or Winter. (Doc. #38-3). Just as above, even allowing for the less string standard afforded pro see plaintiffs, supra, Plaintiff has failed to state a claim against those Defendants.

The Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted should be GRANTED, thereby dismissing Defendants D'Amico, MacArthur and Book from Plaintiff's Count IX claims and Defendants D'Amico, MacArthur and Winter from Plaintiff's Count X claims..

B.  Dismissal for Failure to Join and Indispensable Party

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to challenge the complaint's failure to join persons whose presence is needed for a just adjudication under Fed. R. Civ. P. 19. HS Resources, Inc. v. Wingate, 327 F.3d 432, 438 (5th Cir. 2003). The motion will be granted only if the court determines: (1) joinder of the party is not possible, and (2) the party is, in fact, "indispensable." Shermoen v. United States, 982 F.2d 1312 (9th Cir.1992).

Indispensable refers to a party whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed. Disabled Rights Action Committee v. Las Vegas Events, Inc. 375 F.3d 861, 867 n. 5 (9th Cir. 2004). Whether a party is indispensable is a "pragmatic and equitable judgment, not a jurisdictional one." Gonzales v. Metro. Transp. Auth., 174 F.3d 1016, 1019 (9th Cir. 1999). To determine whether a person is indispensable, Rule 19(b) requires that the court consider: (1) the extent to which its judgment may prejudice the absent party or the parties already before the court, (2) the extent to which such prejudice may be lessened or avoided by protective provisions in the judgment, or other measures, (3) whether a judgment rendered in such person's absence will provide an adequate remedy to the parties before the court, and (4) whether, if the action is dismissed for nonjoinder, plaintiff will have an adequate remedy elsewhere. Fed. R. Civ. P. 19(b); see Pit River Home & Agric. Co-op Ass'n v. United States, 30 F.3d 1088, 1101 (9th Cir.1994).

Here, Defendants argue that Plaintiff has failed to join an indispensable party, Dr. Williamson. In his amended complaint (Doc. #38) Plaintiff alleges that Dr. Williamson visited him to treat medical complications apparently stemming from the effects of what Plaintiff alleges was extreme cold in his cell. Further, Plaintiff alleges that Dr. Williamson informed Plaintiff that he was going to place an order for additional blankets for Plaintiff but that the ESP wardens (Defendant McDaniel and others) would deny Plaintiff the extra blankets. Defendants read Plaintiff's complaint as alleging that it was Dr. Williamson who should have ordered the extra blankets; thus, Plaintiff should be proceeding against Dr. Williamson, instead of the Defendants he has actually named in this suit. (Doc. #40). The court reads the complaint differently. The court understands Plaintiff's allegation to be that Dr. Williamson was fully willing to provide Plaintiff with the requested extra blankets but the Defendants refused to approve such action, and thereby violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

///

///

The court has reviewed the different scenarios in which a party may be understood as "indispensable" and finds that Dr. Williamson is not indispensable under any of the categories. Even if Plaintiff was alleging that Dr. Williamson took part in the alleged violation (which he is not) that would not convince the court that Dr. Williamson must be joined in order for an adequate judgment to be entered. In the situation at hand, Plaintiff may chose to sue some parties involved in the alleged deprivation while refusing to sue others. Because Dr. Williamson is not an indispensable party, the court need not address the other portion of the test.

Defendants' Fed. R. Civ. P. 12(b)(7) motion to dismiss for failure to join an indispensable party should be <u>DENIED</u>.

### RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge enter an order <u>GRANTING</u> Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted (thereby dismissing Defendants D'Amico, MacArthur and Book from Plaintiff's Count IX claims and Defendants D'Amico, MacArthur and Winter from Plaintiff's Count X claims) and <u>DENYING</u> Defendants' Fed. R. Civ. P. 12(b)(7) Motion to Dismiss for failure to join an indispensable party (Doc. #40).

DATED: January 29, 2007.

_____
UNITED STATES MAGISTRATE JUDGE